UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MIRANDA VANDOREN, <br><br> Plaintiff, <br><br> v. <br><br> CITIMORTGAGE, INC., <br><br> Defendant. | CAUSE NO. 3:22-CV-18 DRL-MGG |

OPINION & ORDER

Miranda Vandoren filed a *pro se* complaint alleging CitiMortgage, through improper loan procedures, took possession of or has an interest in property she rightfully owns. She alleges claims of fraud, negligence, misrepresentation, and a violation of her due process rights seeking monetary and punitive damages. She moves to proceed *in forma pauperis* [ECF 2].

The court must first determine whether her complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe her complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Fraud-based claims, however, face a heightened pleading standard. *See* Fed. R. Civ. P. 9(b). Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." *Id.* The complaint must state "'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and

the method by which the misrepresentation was communicated to the plaintiff.'" *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)); *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). The purpose of this particularity requirement is "to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). "[T]he exact level of particularity that is required will necessarily differ based on the facts of the case." *Hofer*, 649 F.3d at 615.

Ms. Vandoren's complaint includes no facts explaining what occurred and when it occurred to allow the court to determine if she is entitled to relief under Rule 8—let alone if she has stated a claim under a Rule 9 heightened pleading standard for her fraud-based claims. A conglomerate of buzzwords and legal phrases with no factual matter proves difficult to suss out a claim. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Given that she is proceeding *pro se*, the court will grant Ms. Vandoren another opportunity and let her file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). She should provide as many facts as to what has transpired such as *but not limited to*: why CitiMortgage is responsible, the identity of the individual(s) making misrepresentations, when such misrepresentations and fraud occurred, precisely what the misrepresentations were, how the fraud occurred, and the like. There must be sufficient facts pleaded to allow the court and the defendant to understand the gravamen of her complaint. *See Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996).

The court AFFORDS Ms. Vandoren leave to amend her complaint by March 10, 2022 to become compliant with the federal rules and TAKES UNDER ADVISEMENT her motion to proceed *in forma pauperis* [ECF 2]. The court CAUTIONS Ms. Vandoren that her failure to amend or provide sufficient factual basis for her claim may result in the immediate dismissal of her case because the current complaint does not state a claim.

SO ORDERED.

February 9, 2022                              *s/ Damon R. Leichty*
                                              Judge, United States District Court